# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| DONALD COLE BURCHETT, | ) | |
| Petitioner, | ) | CASE NO. C08-1406-RAJ-BAT |
| v. | ) | |
| SPOKANE COUNTY SHERIFF, | ) | REPORT & RECOMMENDATION |
| Respondent. | ) | |

Petitioner is currently incarcerated in the Spokane County Jail in Spokane, Washington. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2001 conviction in King County Superior Court. (Dkt. No. 1).

Petitioner challenged the same 2001 conviction in a previous habeas petition, which the Court dismissed as time-barred. *See Burchett v. Waddington*, Case No. C05-1430-RSL (W.D. Wash., Order filed October 3, 2006). The instant habeas petition is therefore a second or successive petition. Federal law provides that before a second or successive habeas petition may be filed in the district court, "the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also* Circuit Rule 22-3(a). This law creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, it "transfers from the

REPORT & RECOMMENDATION
PAGE 1

district court to the court of appeals a screening function which would previously have been performed by the district court . . . ." *Id.* at 664. Permission may be obtained *only* by filing, with the appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court. The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

Petitioner has neither sought nor obtained authorization from the Ninth Circuit to file a second habeas petition. Accordingly, the district court lacks jurisdiction to consider the petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). Therefore, the Court recommends that the instant petition be dismissed without prejudice. A proposed Order is attached.

DATED this 14th day of October, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge